IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JERRY L. PATTERSON a/k/a | ) | |
| JERRY LEWIS PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:17-cv-02484-TLP-tmp |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| STATE OF TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT, DENYING AS MOOT REQUEST FOR APPOINTMENT OF COUNSEL, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Plaintiff Jerry L. Patterson a/k/a Jerry Lewis Patterson[1] sued, pro se, under 42 U.S.C. § 1983. (Complaint ("Compl."), ECF No. 1; Motion ("Mot."), ECF No. 2.) Plaintiff also moved to proceed in forma pauperis. (Motions, ("Mots."), ECF Nos. 2, 16, 18.) The Court granted Plaintiff's motion. (Orders, ECF Nos. 6 & 20.) Plaintiff has also filed multiple documents including a purported amended complaint, a motion to dismissthen filed a document he labeled as an amended complaint that only listed defendants Plaintiff seeks to add to his lawsuit. (Am. Compl., ECF No. 7.)

Plaintiff has also filed several notices of exhibits or attachments to his complaint. (ECF Nos. 8–12.) The Court will consider these documents along with the complaint in this

---

[1] The State of Tennessee had imprisoned Plaintiff at the Shelby County Jail in Memphis, Tennessee. (Compl., ECF No. 1.) The State released Plaintiff from custody after he filed this suit. (Notice, ECF No. 14.)

Order. The Court DIRECTS the Clerk to record the Defendants as the State of Tennessee; Bill Oldham, Sheriff of Shelby County; Amy Weirich, District Attorney of Shelby County;[2] Mark Lutrell; Chief First Name Unknown ("FNU") Moore; Chief FNU McGee; Lieutenant FNU Robinson; L. Austin; and Captain FNU Davis.[3]

## BACKGROUND

Plaintiff's complaint asserts many issues related to his 2016 arrest for attempted rape and statutory rape. (Compl., ECF No. 1 at PageID 2; Attach., ECF No. 1-1 at PageID 4–7.) Plaintiff claims that state prosecutors did not give him a copy of the arrest warrant after his arraignment on the attempted rape charge and prosecutors did not arraign him on the other charge. (Attach., ECF 1-1 at PageID 4.) He further alleges that he was never indicted on these charges and that the "Record of Arrest and capias are invalid are Fraud" [sic]. (*Id.*) He also argues that these charges violate the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, various rules of criminal procedure, and the Tennessee Constitution. (*Id.*) Plaintiff requests "to be compensated for Pain and suffering, loss of liberty, Life, Limb, as well as Cruel and unusual Punishment, For Excessive Bond Amount." (Compl., ECF No. 1 at PageID 3.)

---

[2] In the complaint, Plaintiff describes Defendant Weirich as "Attorney General." Defendant Weirich is the District Attorney for Shelby County. *See* https://www.scdag.com/home/about-district-attorney-amy-weirich. The Court orders the Clerk to MODIFY the docket with this correction.

[3] Plaintiff also seeks to sue an unnamed "Assistant Chief" Defendant listed in his amended complaint. (Am. Compl., ECF No. 7.) An unknown or fictitious party cannot be served process. The filing of a complaint against an unknown defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). The court orders the Clerk to TERMINATE the reference to the Assistant Chief Defendant on the docket.

# LEGAL STANDARDS

I. **Screening Requirements Under 28 U.S.C. § 1915A**

The Court must screen prisoner complaints and to dismiss any complaint, or any portion of it, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

The Court first determines whether the complaint states a claim for relief by applying the standards under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Conclusory allegations "are not entitled to the assumption of truth" because they are not "factual" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 also provides guidance on this issue.

That rule requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). But it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id*.

Courts conducting the screening analysis accord slightly more deference to pro se complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally

3

construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II. Requirements to State a Claim Under 42 U.S.C. § 1983

Plaintiff sued here under 42 U.S.C. § 1983. A plaintiff must allege two elements under this statute: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Plaintiff must satisfy these requirements for his complaint to succeed.

## ANALYSIS

### I. Plaintiff Fails to State a Claim for Relief

Plaintiff directs none of the allegations in his complaint at any named Defendant. He instead makes general assertions about deficiencies in his arrest, charges, and preliminary hearings. A complaint necessarily fails to "state a claim for relief that is plausible on its face" when it claims to allege any action by a named defendant. *Twombly*, 550 U.S. at 570. Plaintiff's complaint thus fails to state a claim against any Defendant in its, his, or her individual capacity.

### II. The State of Tennessee is Immune to Suit in the Matter

4

Plaintiff also fails to state a valid claim against the State of Tennessee. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court absent a waiver of immunity. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person under 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's allegations against the State of Tennessee thus fail to state a claim.

### III. The Claims Against the Individual County Defendants in Their Official Capacities Fail to Allege the Presence of a Municipal Custom or Policy

Plaintiff's claims against Sheriff Oldham, District Attorney Weirich, and other Shelby County Defendants in their official capacities are claims are against Shelby County. Courts cannot hold a local government, such as a municipality or county, liable "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Similarly, courts cannot hold a municipality responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691–92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

A plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy" to establish municipal liability. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). With this in mind,

5

"the touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)) (emphasis in original). Plaintiff here makes no allegations that he suffered an injury because of an unconstitutional policy or custom of Shelby County.

**IV.  The Court Cannot Enjoin Plaintiff's State Court Proceedings**

Plaintiff also asks this Court to intervene in his criminal proceeding and dismiss his state charges. The Court cannot do so here.

Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879–80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).

In the end, federal courts can issue injunctions against state criminal proceedings only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the

> threat to the plaintiff's federally protected rights must be one that cannot be
> eliminated by his defense against a single criminal prosecution.

*Id.* at 46. Plaintiff alleges no extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.

**V.     Plaintiff is Barred from Recovering Damages Related to His State Conviction**

Plaintiff's last claim seeks damages related to his state conviction. In *Heck v. Humphrey*, the Supreme Court held that to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make that determination, or questioned by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. 512 U.S. 477, 486–87 (1994). Plaintiff does not allege that the charges he contests have been reversed, expunged, declared invalid, or otherwise questioned.

For all the above reasons, Plaintiff's complaint fails to state a claim for relief.

## AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). But courts need not grant leave to amend where an amendment cannot cure the deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If

7

it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). For these reasons, this Court holds that leave to amend is not warranted here.

## APPELLATE ISSUES

The Court also considers whether it should allow Plaintiff to appeal this decision in forma pauperis if he seeks to do so. A non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). This rule provides that if the district court permits a party to proceed in forma pauperis in that court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." That said, if the district court denies pauper status, the party may move to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good-faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is if the litigant seeks appellate review of any issue that is not frivolous. *Id.* On that basis, it would be inconsistent for a district court to determine that a complaint should be dismissed before service on the defendants, but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). In the end, the same considerations that lead the Court to dismiss this case for failure to state a claim also suggest that Plaintiff would not take an appeal in good faith.

8

This Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that Plaintiff would not appeal this Order in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. And so if Plaintiff appeals, he must pay the full $505 appellate filing fee or move for leave to appeal in forma pauperis and file a supporting affidavit in the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

The Court also addresses the assessment of the $505 appellate filing fee if Plaintiff still appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to benefit from the installment procedures in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b). The Court therefore instructs Plaintiff that, if he wishes to benefit from the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated in forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike will take effect when this Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

## **CONCLUSION**

In conclusion, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted and for seeking monetary relief from a Defendant that is immune

9

from this relief under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2).[4] And leave to amend the complaint is DENIED. The Court also CERTIFIES that any appeal here would not be taken in good faith and DENIES Plaintiff leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 22nd day of April, 2019.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE

---

[4] The Court DENIES AS MOOT Plaintiff's request for appointment of counsel (Attach., ECF No. 1-2 at PageID 9) because the Court is dismissing his complaint.